FRANCIS BRIGHAM *vs.* AGRICULTURAL BRANCH RAILROAD COM PANY.

The charter of a railroad company required the road from Northborough to Southborough to be located as far north as a certain point, and in the location a curve was made in order to reach that point, and the road was thence continued towards Southborough by an acute angle; *Held*, that the subsequent continuation of the railroad for about a mile and one half northerly from the point of the angle to the village of Marlborough, was unauthorized.

TORT, for damages to land entered upon and taken by the defendants for their railroad. The defendants justified the taking under their act of incorporation, *St.* 1847, *c.* 269, and the acts in addition thereto, and it was admitted that, if they had a right under their charter to enter upon and take the land in question, their mode of proceedings in so doing was regular. *St.* 1847, *c.* 269, § 2, is as follows: — " Said corporation is hereby empowered to locate, construct and maintain, with one or more tracks, a branch railroad, commencing at some point near the village of Northborough; thence running to a point near the centre village of Southborough; thence to connect with any branch of the Boston and Worcester Railroad, near the centre village of Framingham; and such branch railroad, on its way from said point, near the village of Northborough, to such poin near the centre village of Southborough, shall be required t( pass to the north of the house of Willard Newton, Esquire in the southerly part of Marlborough; *provided*, a feasible route shall be found therefor with grades not exceeding forty two feet to the mile, and which can be constructed at a cost, per mile,

not materially exceeding the average cost per mile of the residue of the railroad hereby authorized." *St.* 1853, *c.* 185, § 2, contained a provision as follows : — " the said corporation are hereby authorized to construct their railroad in sections." At the trial in the superior court, it appeared that the general direction of the road, as originally located by the defendants under these statutes, would leave the village of Marlborough and the house of Willard Newton to the north, but on approaching these places a curve was made by which a point north of Newton's house was reached, from which the road, by an acute angle, was continued to Southborough ; and that afterwards, a spur was constructed northerly from the point of this angle to the village of Marlborough, a distance of about a mile and one half, passing over land of the plaintiff. Upon this evidence *Morton,* J. ruled that the defendants were justified under their charter in locating their railroad in the manner described, and were not liable in this action. A verdict was thereupon taken for the defendants, and the plaintiff alleged exceptions.

*J. G. Abbott & G. A. Somerby,* for the plaintiff.

*B. F. Butler & W. P. Webster,* for the defendants.

MERRICK, J. The defendants were not authorized by their charter to take, in the circumstances under which they did take, the land of the plaintiff. They were empowered to locate and construct a railroad from a point in the village of Northborough, to another near to the centre village in Southborough ; passing on its way, to the north of the house of Willard Newton. *St.* 1847, *c.* 269. Under the authority thus conferred upon them, they did in fact locate their road to a point north of Newton's house, and thence at an acute angle made by the trains on arrival from Northborough, and departure for Southborough, as shown on the plan referred to and exhibited at the argument. This location has heretofore been adjudged to be within the authority conferred upon the corporation. *Margaret Newton* v. *Agricultural Branch Railroad,* 14 Gray, . Having thus legally located and established their road between the *termini* prescribed in their charter, their whole power had been exerted and exhausted. They had, in the first instance, an undoubted right of choice, as to the general

27 *

course and direction of their road, limited only by the obligation imposed upon them to carry it to the north of the house of Willard Newton.   But this right cannot be construed to be wholly without limitation, or considered and treated as conferring an unqualified right to locate and establish a road to and through any and all parts of the state lying north of the house.   It is to be exercised in a reasonable and proper manner, and in conformity to the clear and manifest purpose of the legislature, as developed in the provisions of the charter, in creating the corporation, and conferring upon it specific and definite powers.   This purpose cannot be mistaken.   The first and chief object was to cause the establishment and construction of a road between the villages of Northborough and Southborough, to accommodate all persons and travellers who could conveniently gain access to it when located in such course and direction as to pass on its way between the prescribed *termini* northwardly of the house of Newton.   If in the exercise of their right to select one of several practicable routes, it would originally have been competent to the defendants to adopt a line passing through or near to the village of Marlborough, which we do not perceive that there is any room to doubt, they ceased to possess any such authority after they had legally and actually made a location of their road, in such course and direction that no part of it was within a mile and a half of that place, that being the actual distance between them as shown on the plan referred to.   But the defendants not only had no right of choice or selection between different practicable routes, after they had once made a valid and legal location, but they do not appear to have located or constructed their railroad from the land of Newton to the village of Marlborough, even upon the assumption that they were, in so doing, in the exercise of any such discretionary authority conferred upon them.   This extension was, after the junction of the tracks upon the land of Newton, wholly unnecessary to perfect the line of travel and transportation between Northborough and Southborough, and must consequently be considered as having been made without any authority whatever.   They had, therefore, no right to enter upon or take the plaintiff's land for any such pur-

pose, and the location and construction of their road upon and over it, was a trespass, for which he has a right of action to recover the damages it has occasioned him.

His exceptions must therefore be sustained, and a new trial granted.